# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TAWANA M. BEECHAM,

    Plaintiff,

v.

XPO LOGISTICS, et al.,

    Defendants.

Case No. 2:18-CV-02641-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Tawana M. Beecham filed this action against Defendants XPO Logistics, Tony Dillon, and Staffmark, alleging discrimination based on sex, race, age, and retaliation, in violation of Title VII and the Kansas Human Rights Act. Before the Court is Plaintiff's Motion for Default Judgment against Defendant XPO Logistics (Doc. 15). As described more fully below, the Clerk shall enter default against Defendant XPO Logistics, however, Plaintiff's motion for default judgment is denied without prejudice.

The Complaint in this matter was filed on November 26, 2018. Defendant XPO Logistics was served on March 12, 2019 through service on Omar Torres, a manager at XPO Logistics. A defendant shall serve an answer within twenty-one days after service of the Complaint.[1] XPO Logistics has failed to file or serve an answer or otherwise respond. When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, default must be entered against that party.[2]

---

[1] Fed. R. Civ. P. 12(a)(1).

[2] Fed. R. Civ. P. 55(a).

The Tenth Circuit has made clear however that "consistent damage awards on the same claim are essential among joint and several tortfeasors."[3]  "[W]hen multiple defendants are alleged to be jointly liable and fewer than all defendants default, the district court may not render a liability determination as to the defaulting parties unless and until the remaining defendants are found liable on the merits."[4]  The Complaint asserts claims for relief against joint tortfeasors, and the remaining defendants have not been found liable on the merits.  Accordingly, the motion for default judgment is premature.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment against Defendant XPO Logistics (Doc. 15) is **denied without prejudice**.  The Clerk is directed to enter default against Defendant XPO Logistics.  Upon adjudication of the claims against the remaining defendants in this case, Plaintiff may refile her motion for default judgment and request a damages hearing.

**IT IS SO ORDERED.**

Dated: April 30, 2019

               S/ Julie A. Robinson
               JULIE A. ROBINSON
               CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985); *see Frow v. De La Vega*, 82 U.S. 552, 554 (1872).

[4] *Loring v. Kwal-Howels, Inc.*, No. 12-2378-JAR, 2013 WL 1304466, at *2 (D. Kan. Mar. 27, 2013) (citing *Hunt*, 770 F.2d at 147).