# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

TAWANA M. BEECHAM,

    **Plaintiff,**

v.

XPO LOGISTICS, et al.,

    **Defendants.**

Case No. 2:18-CV-02641-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff Tawana M. Beecham filed this action against Defendants XPO Logistics ("XPO"), Tony Dillon, and Staffmark, alleging discrimination based on sex, race, and age, and retaliation, in violation of Title VII and the Kansas Human Rights Act. Amidst a rash of filings on April 30, 2018, the Court granted a Clerks Entry of Default against XPO (Doc. 22) per its typical practice when an answer has not been filed within twenty-one days of service.[1] The Court signed the order—but it was not docketed—prior to XPO's counsel entering their appearance in the case (Docs. 20 and 21). On that same afternoon, XPO's counsel appeared at a motion conference before Magistrate Judge Gwynne E. Birzer (Doc. 23).

Before the Court is XPO's Motion to Set Aside Clerks Entry of Default and Leave to File Answer Out of Time (Doc. 24). Plaintiff takes "no position" with regard to the relief sought in this motion and does not plan to file a response.[2] For the reasons stated below, the Court grants the motion.

---

[1] Fed. R. Civ. P. 12(a)(1)(A)(i).

[2] Doc. 25 at 3.

**I.     Discussion**

XPO moves to set aside the Clerks Entry of Default pursuant to Fed. R. Civ. P. 55(c), which allows the Court to "set aside an entry of default judgment for good cause." Under Rule 55(c), courts principally consider the following factors in determining whether good cause exists: (1) whether the default was the result of culpable conduct by the defendant; (2) whether the plaintiff would be prejudiced by setting aside the default; and (3) whether the defendant presents a meritorious defense.[3] "These factors are not 'talismanic' and the court may consider other factors."[4] The standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[5]

XPO also moves for leave to file its answer out of time under Fed. R. Civ. P. 6(b)(1)(B). Under Rule 6(b)(1)(B), a court may excuse a party's failure to act within a specified time "if the party failed to act because of excusable neglect." In determining whether the failure to act was the product of excusable neglect, courts consider the following non-exhaustive list of factors: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[6] The "good cause" that must be shown under Rule 55(c) to set aside an entry of default is a less exacting standard than the "excusable neglect" required for relief from a default judgment under Rule

---

[3] *Hunt v. Ford Motor Co.*, 65 F.3d 178 (Table), No. 94-3054, 1995 WL 523646, at *3 (10th Cir. 1995); *Scott v. Power Plant Maint. Specialists, Inc.*, No. 09-CV-2591-KHV, 2010 WL 1881058, at *4 n.2 (D. Kan. May 10, 2010) (citing *Clelland v. Gines*, No. 02-2223-KHV, 2003 WL 21105084, at *3 (D. Kan. Apr. 11, 2003)).

[4] *Hunt*, 1995 WL 523646, at *3 (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

[5] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[6] *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

60(b) or for an extension of a missed deadline under Rule 6(b)(1)(B).[7] Accordingly, the Court first determines whether XPO has shown "excusable neglect" for failing to timely answer before assessing whether it has shown "good cause" for setting aside the clerks entry of the default.[8]

### A. Leave to File Answer out of Time

#### 1. Prejudice to Plaintiff

The first factor the Court evaluates in determining whether the defendant's failure to answer was the result of excusable neglect is the degree of prejudice to Plaintiff. As XPO notes, discovery has not yet begun in this case, no scheduling order has been filed, and Plaintiff must litigate this case on the merits against the other Defendants because Plaintiff has alleged that Defendants are jointly and severally liable to her. XPO's failure to timely answer did prejudice Plaintiff insofar as Plaintiff was compelled to file a motion for default judgment. The Court finds, however, that the total effect of the prejudice on Plaintiff as a result of XPO's default is light at this stage of the litigation. Thus, this factor weighs in favor of granting XPO leave to answer out of time.

#### 2. Length of the Delay

The Court next considers the length of the delay. XPO's deadline to file an answer was April 2, 2019. XPO did not file an answer, Plaintiff filed a Motion for Default Judgment on

---

[7] *Dennis Garberg & Assocs., Inc. v. Pack-Tech Intl'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997) ("[I]t is well established that the good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)."); *Scott*, 2010 WL 1881058, at *4 n.3 (noting that Tenth Circuit construes "excusable neglect" standards under Rules 60(b) and 6(b) similarly).

[8] *See Scott*, 2010 WL 1881058, at *4 (addressing defendant's "good cause" arguments and plaintiff's motions for default judgment after "excusable neglect" arguments and defendant's motion for leave to file answer out of time because "excusable neglect" is a higher standard than "good cause" under Rule 55(c)).

April 25, 2019,[9] and the Court granted a Clerks Entry of Default on April 30, 2019.[10] Although there is no definitive timeframe for measuring when a delay becomes too lengthy for purposes of a motion for leave to file out of time, this Court has previously held that a delay of less than two months was "relatively innocuous."[11] Additionally, as explained above, a scheduling order has not yet been entered, so the delay will have a relatively minimal impact on this litigation. Accordingly, this factor weighs in favor of granting XPO leave to answer out of time.

### 3. Reason for Delay

The third factor the Court analyzes is the reason for the delay and whether it was within XPO's reasonable control. XPO contends that at the time of service, it was in the process of permanently closing its facility in Gardner, Kansas, the office where XPO was served. The individual who was served in this case, Omar Torres, was laid-off soon after the Complaint was served, and for reasons unknown to XPO, he did not communicate the service to XPO or its counsel. XPO and its counsel were actively engaged in the defense of this case during its administrative phase, including settlement discussions, but they were never contacted regarding XPO's failure to answer. When XPO learned it had been served, it promptly took steps to litigate the case. The Court finds that XPO did not knowingly disregard its deadline to answer, and finds this factor also weighs in favor of granting XPO leave to file its answer out of time.

### 4. Good Faith

In weighing the final factor, the Court looks to whether XPO acted in good faith. As discussed above, once XPO learned it had been served, it promptly took steps to enter

---

[9] Doc. 15

[10] Doc. 22.

[11] *Id.* at *3 (citing *Welch v. Centex Home Equity Co., LLC*, No. 03-2132-JWL-DJW, 2004 WL 2348295, at *1 (D. Kan. Apr. 23, 2004)).

appearance in the case, participated in a hearing, and took steps to set aside the default. Accordingly, the Court finds that XPO has acted in good faith following its failure to timely answer. This factor therefore weighs in favor of granting XPO leave to answer out of time.

In sum, all four factors discussed above weigh in favor of granting XPO leave to file its answer out of time. The Court grants XPO's motion for leave to file its answer out of time.

B.      **Motion to Set Aside Clerks Entry of Default**

As explained above, the standard for "good cause" for setting aside default under Rule 55(c) is lower than the threshold for "excusable neglect" under Rule 6(b). Because the Court finds that XPO has met the required showing of "excusable neglect" for failing to timely answer, the Court concludes that XPO meets the "good cause" standard required under Rule 55(c).[12] Accordingly, for substantially the same reasons as set forth above, the Court grants XPO's motion to set aside the entry of default.

**IT IS THEREFORE ORDERED BY THE COURT** that XPO's Motion to Set Aside Default Judgment and Leave to File Answer Out of Time is **granted** (Doc. 24). XPO is directed to file its answer.

**IT IS SO ORDERED.**

Dated: May 8, 2019

                                                                  S/ Julie A. Robinson
                                                                    JULIE A. ROBINSON
                                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[12] *See Scott*, 2010 WL 1881058, at *4 (finding defendant met "good cause" standard under Rule 55(c) based on court's findings that defendant met "excusable neglect" standard under Rule 6(b)).